UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MADIHA MINER,<br><br>                Plaintiff,<br><br>    v.<br><br>SAMANTHA KANNER,<br><br>                Defendant. | CASE NO. C19-1047 JLR<br><br>ORDER AFFIRMING ORDER DECLINING TO RECUSE |

This matter is before the Court on Plaintiff's one-page Motion seeking, *inter alia*, recusal of the Honorable Judge James L. Robart. Dkt. #3. Judge Robart declined to recuse himself and, in accordance with this Court's Local Civil Rules, the matter was referred to the Undersigned for review. Dkt. #9; LCR 3(f).

Plaintiff Madiha Miner moves the Court for recusal arguing that Judge Robart is biased against her. The only statement she makes in her Motion concerning Judge Robart is that "all of plaintiffs' cases were transferred to ONE judge named James L. Robart and this is unheard of." Dkt. #3 at 1. Plaintiff describes this as "criminal activity at the United States District Court here in Washington." *Id*.

A judge of the United States shall disqualify himself in any proceeding in which his impartiality "might reasonably be questioned." 28 U.S.C. § 455(a). Federal judges also shall disqualify themselves in circumstances where they have a personal bias or prejudice concerning

a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1). Pursuant to 28 U.S.C. § 144, "whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." "[A] judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); *see also Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) ("To warrant recusal, judicial bias must stem from an extrajudicial source.").

Plaintiff fails to allege any reasonable basis for recusal. It is the Court's typical and frequent practice to transfer cases dealing with related issues to a single judge to avoid conflicting rulings. As detailed by Judge Robart's Order, Plaintiff has filed or removed to this court 11 cases, one of which was assigned to the Honorable John C. Coughenour, another which was assigned to the Honorable Richard L. Jones, and the remainder of which are assigned to Judge Robart. These circumstances alone fail to demonstrate any reasonable basis to question the impartiality of Judge Robart. Accordingly, the Court finds and ORDERS that Judge Robart's Order (Dkt. #9) declining to recuse himself is AFFIRMED. The Clerk shall provide a copy of this Order to Plaintiff.

DATED this 1st day of August 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE